IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


United States of America,          :

          Plaintiff,               :

     v.                            :    Case No. 2:01-cr-0022

Lamont Mathis,                     :    JUDGE GRAHAM

          Defendant.               :

REPORT AND RECOMMENDATION

     The above defendant appeared before the Court for a final
supervised release revocation hearing on February 16, 2006.  For
the following reasons, it will be recommended that the
defendant's supervised release be revoked and that he be given an
eight-month term of imprisonment.

     The parties stipulated that the factual description of the
alleged violations contained in the petition filed by the
Probation Officer were accurate.  In that petition and report,
the following conduct is described.

     The defendant was convicted on a drug offense and sentenced
on November 2, 2001 to 36 months of imprisonment followed by
sixty months of supervised release.  His supervised release was
revoked on March 25, 2005 and he was given an additional six-
month prison term to be followed by two additional years of
supervised release.  His conditions of release were modified on
November 28, 2005 to provide that he was required to reside at a
halfway house for a period of six months.  He began his residency
at the halfway house on December 20, 2005.  Additional conditions
at that time included seeking employment and attending drug
counseling.  The defendant had tested positive for cocaine on
three occasions in September and October, 2005, twice in

November, 2005, and once in December, 2005.

Within two weeks of being placed at the Alvis House, the defendant incurred a violation by departing from his approved itinerary while away from the Alvis House.  According to the Probation Officer, rather than seeking employment, the defendant had gone to his girlfriend's home to play video games.  The defendant was therefore placed on further restrictions, which included being able to leave the halfway house only for counseling appointments and verified job searches.  After living with these restrictions for three days, the defendant became belligerent and disrespectful and had to be escorted from the Alvis House.  He has been living in the community since the date of his termination from the Alvis House program.  While living in the community, he has been participating in a weekly drug treatment program at Maryhaven.  However, despite being enrolled in that program, he tested positive for cocaine on February 6, 2006.  He is still unemployed and has not verified for his Probation Officer that he is actively seeking work.

Given the number of positive drug tests, the parties appear to agree that revocation of supervised release is mandated.  The applicable guideline range is four to ten months of imprisonment. The United States requested a sentence of ten months, and the defendant argued for a sentence of four months.  The guideline range appears reasonable for the type of conduct involved, and therefore the issue before the Court is where, within that range, the defendant should be sentenced.

The only mitigating factor apparent to the Court is that the defendant has not (other than the possession of drugs necessary to further his drug addiction) committed any new criminal offenses.  Aggravating factors include the fact that his supervised release has been revoked once before, that after the re-commencement of his supervised release, he was committed to a

halfway house, and that he both violated the rules of the halfway house and became sufficiently confrontational with staff to be terminated from that program.  Also, he appears not to have taken seriously the obligation to obtain employment and to pursue employment in the manner requested either by authorities at the halfway house or by his Probation Officer.  These factors suggest that a sentence closer to the higher end of the guideline range rather than the lower end is more appropriate.  Such a sentence would also serve to deter other persons on supervised release from committing multiple supervised release violations and essentially making themselves unamenable either to supervision in the community or supervision at a halfway house.  For all of those reasons, an eight-month jail term is recommended.  No additional term of supervised release is recommended to follow any term of imprisonment.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the

Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

<div style="margin-left:40%">
<u>/s/ Terence P. Kemp</u><br>
United States Magistrate Judge
</div>

4